UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-81624-CIV-CANNON

**JAEVON MARSEILLE**,

    Plaintiff,

v.

**THE GINGER COMPANIES LLC**,

    Defendant.
_____/

**ORDER DISMISSING FIRST AMENDED COMPLAINT
WITHOUT PREJUDICE AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon a sua sponte review of Plaintiff's First Amended Complaint ("FAC") [ECF No. 6]. Because Plaintiff's FAC fails to plausibly allege Article III standing, Plaintiff's FAC is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**LEGAL STANDARDS**

To state a claim under the Americans with Disabilities Act (the "ADA") on the basis of website inaccessibility, as Plaintiff attempts here, Plaintiff must plead sufficient factual content plausibly indicating that he was "discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *see id.* § 12181(7). Although the law is underdeveloped in this area, the Eleventh Circuit has indicated in unpublished authority that the ADA can extend to "intangible barriers" like websites. *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 754 (11th Cir. 2018) (citing *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279,

1283 (11th Cir. 2002)).[1]  However, for Defendant's website to run afoul of the ADA under that logic, the website's inaccessibility must operate to deny or exclude the plaintiff from accessing and enjoying the goods or services provided from or by the physical location itself.  *See Fernandez v. Flanigan's Enters., Inc.*, No. 23-80073-CIV, 2023 WL 4285317, at *2 (S.D. Fla. June 29, 2023) (alterations adopted) (quotations omitted).  In other words, assuming the correctness of these cases, any complaint asserting an ADA violation on the basis of a website still must allege—with sufficient factual content in line with *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)—that the website in question creates an intangible barrier that excludes Plaintiff from accessing the goods, services, privileges, or advantages of Defendant's physical location.  *See Fernandez*, 2023 WL 4285317, at *3; *Haynes*, 741 F. App'x at 754; 42 U.S.C. §§ 12181(7), 12182.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice."  *Iqbal*, 556 U.S. at 678.

More fundamentally, Article III limits federal courts to hearing "Cases" and

---

[1] There is significant room to question this proposition. *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir.), *opinion vacated on mootness grounds on reh'g*, 21 F.4th 775 (11th Cir. 2021). The substantive prohibition in the text of the ADA refers, in pertinent part, to disability-based discrimination "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12181(a). The statute then goes on to define "public accommodation" to include only tangible, physical locations. *Id.* § 12181(7) (enumerating numerous entities/categories, including hotels, restaurants, etc.). Neither in the substantive prohibition referenced above—nor in the enumerated categories defining "public accommodation"—is there a firm textual basis to believe that "intangible barriers" generally, or websites more specifically, fall within the reach of the ADA.  At any rate, even were the statute to be read expansively to cover "intangible barriers," whatever that means, it is far from clear that commercial websites as a category function as such an "intangible barrier," especially where the website is not the sole means of accessing the public accommodation.  Were that so, it seems that any form of marketing, advertising, or communication technology—including door-to-door marketing materials and non-TTY restaurant phone numbers—could be construed as an "intangible barrier" triggering the ADA.  Regardless, this case does not present an occasion to further engage in these issues because Plaintiff's FAC fails even under the most basic requirements of Article III.

"Controversies." U.S. Const. art. III, § 2. Plaintiff "must satisfy three requirements to have standing under Article III of the Constitution: (1) injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (quotations omitted). Further, when applied to parties seeking injunctive relief, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows a real and immediate—as opposed to a merely conjectural or hypothetical— threat of future injury." *Id.* at 1329 (quotation omitted).

"[I]njunctive relief . . . is the only form of relief available to plaintiffs suing under Title III of the ADA." *Id.* at 1329 (citation omitted). Thus, "[i]n ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). In other words, a plaintiff "must show past injury and a real and immediate threat of future injury." *Houston*, 733 F.3d at 1329. "Immediacy in this [ADA] context means reasonably fixed and specific in time and not too far off." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021) (quotation omitted).

For standing, then, "a plaintiff seeking an injunction under Title III either must have attempted to return to the non-compliant building or at least intend to do so in the future." *Id.* at 1336 (quotations omitted). Allegations that a plaintiff "some day" intends to return, "without any description of concrete plans, or indeed even any specification of *when* the some day will be" are insufficient, as they "do not support a finding of the actual or imminent injury that our cases require [to have standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (quotations omitted).

"Whether a plaintiff faces a real and immediate threat of future injury must be examined

under the totality of all relevant facts." *Kennedy*, 998 F.3d at 1233 (quotation omitted). The Eleventh Circuit has provided "four factors relevant to this analysis: (1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id.* (quotation omitted). The Eleventh Circuit has also cautioned that these "factors are not dispositive, only guidelines, and our standing determination is often a fact-sensitive inquiry." *Id.* (quotation omitted).

## DISCUSSION

Plaintiff's allegations regarding his intent to patronize Defendant's physical location are insufficient to give "rise to an inference that he will suffer future discrimination by the defendant"—and therefore fail to establish an Article III injury under *Lujan* and *Kennedy*. *Shotz*, 256 F.3d at 1081; *see also Lujan*, 504 U.S. at 564; *Kennedy*, 998 F.3d at 1233. Plaintiff's alleged future injury is that he "intends to patronize Defendant's Delray Beach bar within the next nine months and has concrete plans to do so" [*e.g.*, ECF No. 6 ¶ 67]. Plaintiff further maintains that his "intent to visit is genuine and imminent," and that he "regularly visits the Delray Beach area" [ECF No. 6 ¶¶ 40, 61]. These allegations, without more, are just formulaic, conclusory statements "devoid of further factual enhancement" that amount to nothing more than vague, "some day" aspirations insufficient to confer standing. *See Iqbal*, 556 U.S. at 678 (alterations adopted) (quotations omitted); *Twombly*, 550 U.S. at 555; *Kennedy*, 998 F.3d at 1233; *Lujan*, 504 U.S. at 564. Nor is there anything else in the balance of the FAC to plausibly establish standing for injunctive relief under the ADA—just "labels and conclusions," "formulaic recitations," and "naked assertions devoid of further factual enhancement." *See Iqbal*, 556 U.S. at 678 (alterations adopted) (quotations omitted), *see also Kennedy v. Beachside Com. Props., LLC*, 732 F. App'x

817, 822 (11th Cir. 2018) (explaining that an ADA plaintiff's "vague intent to return to shop and monitor the premises cannot pass constitutional muster" and noting that, "[u]nlike the plaintiff in *Houston* who lived only thirty miles away and had both definitive plans and sound reason to revisit the area, Plaintiff uses overly-broad and vague language as a 'catch-all' to hope that her claim will stick"); *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) ("Plaintiffs' assertions of proximity and prior visits are vague, lacking in support, and do not plausibly establish that Plaintiffs intended to return to the subject location." (quotation omitted)).  Indeed, the FAC is devoid of: allegations regarding actual past patronage of Defendant's business by Plaintiff; allegations regarding Plaintiff's proximity to Defendant's business; allegations providing a level of definiteness to Plaintiff's alleged plans or intent to patronize Defendant's restaurant; and allegations regarding the frequency of Plaintiff's travel near Defendant's business beyond conclusory and vague allegations.[2]  These non-dispositive factors, drawn from *Kennedy*, reveal at most a "generalized intent to return" and therefore fail to establish Article III standing.  *See* 998 F.3d at 1233, 1235; *Beachside Com. Props.*, 732 F. App'x at 821–22 (affirming dismissal of ADA complaint for lack of standing because Plaintiff's allegation that she "plans to return to the property in the future" so that she can "shop, dine, and monitor its ADA conditions" was insufficient (alterations adopted) (quotation omitted)); *Brother v. Rossmore Tampa Ltd. P'ship*, No. 03CV1253T-24, 2004 WL 3609350, at *4 (M.D. Fla. Aug. 19, 2004) (explaining that, to have standing under the ADA, a plaintiff "cannot merely have an intention to return to" a defendant's physical location "without a description of concrete plans or specification as to when the return

---

[2] Plaintiff's allegation that he "regularly travels to the Delray Beach area" [ECF No. 6 ¶ 39] is insufficient.  Plaintiff fails to allege what he means by regular travel or the "Delray Beach area." Delray Beach alone spans over fifteen square miles, and the vague term "area" does not even expressly limit the "area" to Delray Beach alone.  *See* United States Census Bureau, *QuickFacts, Delray Beach city, Florida* (2024).

5

will occur").[3]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The First Amended Complaint [ECF No. 6] is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

2. Plaintiff may initiate a new action as permitted by law.[4]

3. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of February 2026.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[3] The facts as alleged in this case differ from the facts in *Houston*, 733 F.3d 1323.  There, because the ADA plaintiff alleged that "he drives right by the store on a regular basis, he entered the store on two prior occasions, and he would do so again if the store were ADA compliant," the Eleventh Circuit held that he sufficiently alleged a real and immediate injury.  *Id.* at 1337, 1340.  The *Houston* Court further noted that the plaintiff had offered a "description of concrete plans," namely that he "visits his lawyer's offices near the [store] on a frequent basis and, thus, drives by the store frequently."  *Id.* at 1340 (quotation omitted).  Because "during these trips to his lawyer's office in the near future, he wants to visit the store," the court determined that he "averred a concrete and realistic plan of when he would visit the store again."  *Id.*  Here, by contrast, Plaintiff has not alleged any specific visits to Defendant's physical restaurant, and Plaintiff has only provided vague and conclusory allegations of regular travel "to the Delray Beach area" with no corresponding factual detail or support [ECF No. 6 ¶ 39].

[4] The Court is not required to grant leave to amend where it dismisses a complaint without prejudice.  *See, e.g.*, *Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020); *Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009).